UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY V. JENKINS,<br>      Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, *et al.*,<br>      Defendants. | Civil Action No. 22-3757 (CKK) |

MEMORANDUM OPINION
(January 9, 2023)

This matter is before the Court on *sua sponte* review of *pro se* Plaintiff's [1] Complaint. Plaintiff alleges that the State of Rhode Island and the East Providence Firefighters, Local 850 IAFF, AFL-CIO ("Local"), apparently his former union, failed to properly compensate him after an allegedly on-duty injury when Plaintiff worked as a firefighter in the State of Rhode Island. From Plaintiff's short paragraph of allegations and the Complaint's attachments, it appears Plaintiff further argues that various Rhode Island entities and the Local breached a collective bargaining agreement with Plaintiff by refusing to award him certain benefits. Inexplicably, Plaintiff also names as a defendant the United States of America.

Additionally, Plaintiff's factual allegations here, such as they are, appear identical to factual allegations raised in a prior case, *Jenkins v. Rhode Island*, C.A. No. 19-00312-WES (D.R.I. 2019) ("*Jenkins I*"). The court there dismissed Plaintiff's complaint on the merits. Judgment, ECF No. 12, C.A. No. 19-00312-WES (D.R.I. Oct. 28, 2019). As such, all claims against Defendants in this action that Plaintiff also sued in *Jenkins I* are *res judicata* and shall be dismissed on the merits. The Court shall *sua sponte* transfer the remainder of this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

**A. *Res Judicata***

*Res judicata*, literally "the thing decided," "refers to the effect of a judgment in foreclosing litigation of a matter that has never been litigated, because . . . it should have been advanced in an earlier suit." *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). At its essence, the doctrine furthers the equitable principle "that a party who has once had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *See SBC Commc'ns, Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005). Although often understood as a "defense" to be raised by the parties, "even a party's *forfeiture* of the right to assert it . . . does not destroy a court's ability to consider the issue *sua sponte*." *See Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) (emphasis altered); *see also Klayman v. Rao*, Civ. A. No. 21-2473 (RC), 2021 WL 4948025, at *6 (D.D.C. Oct. 25, 2021) (*sua sponte* dismissing action on, in part, *res judicata* grounds).

It is familiar Hornbook law that, for *res judicata* to apply, there must be "(1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits." *Coleman v. PEPCO*, 310 F. Supp. 2d 154, 160 (D.D.C. 2004) (RMC). Importantly, "cause of action" does not refer to a *claim*, but rather refers to the nucleus of facts as alleged in the relevant complaint. *See Stanton*, 127 F.3d at 78. In simpler terms: same conduct, same cause of action. *See Ramey v. PEPCO*, 580 F. Supp. 2d 48, 51 (D.D.C. 2008). Only claims "that could not have been anticipated when the first suit was filed or would have been utterly impracticable to join at the time" escape *res judicata*'s grip. *See U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 & n.21 (D.C. Cir. 1985).

When comparing the two complaints, it is clear that Plaintiff is suing over the same common nucleus of facts. In this action, Plaintiff alleges that Defendants (improbably including

2

the United States) took various adverse pecuniary and employment actions against him after improperly classifying a November 11, 2016 injury Plaintiff insists should be considered "on-duty." Compl. at 1.  He seeks monetary damages, declaratory relief, and injunctive relief in the form of "reinstatement as [sic] employee."  *Id.*  Based on the Complaint's attachments, he appears to place at least some right to recovery in a collective bargaining agreement.  *See* ECF No. 1-1 at 2.  In *Jenkins I*, he sued the Local, the State of Rhode Island, and the City of East Providence, Rhode Island based on, it appears, misclassification regarding the very same injury.  *See Jenkins I*, ECF No. 1 at 5.  He also asked for similar relief.  *See id.* at 6.  The United States District Court for the District of Rhode Island dismissed his complaint on jurisdictional grounds, relying primarily on the *Younger* abstention doctrine.  *See Jenkins I*, Report and Recommendation, ECF No. 9, at 1-3 (Aug. 6, 2019).

That court went even further than "dismissal;" it outright entered *judgment* against Plaintiff.  *Jenkins I*, Judgment, ECF No. 12 (Oct. 28, 2019).  Therefore, as to the common defendants in this action, the United States District Court for the District of Columbia entered a final, valid judgment on the merits against Plaintiff on the "same cause of action" as here.  Accordingly, the Court **DISMISSES** all claims against Defendants State of Rhode Island, East Providence Firefighters, Local 850 IAFF, AFL-CIO, and City of East Providence, Rhode Island.

### B. Transfer

The following defendants remain:  the International Association of Fire Fighters (I.A.F.F. United States) ("Union"); Malcolm Moore, apparently in his official capacity as the Finance Director for the City of East Providence, Rhode Island ("Moore"); Joseph F. Penza, purportedly an attorney for the Local ("Penza"); and the United States.  Because, even against the remaining

Defendants, the District of Columbia is not the appropriate forum for this matter, the Court shall transfer this matter to the District of Rhode Island.

Pursuant to 28 U.S.C. § 1404(a), a Court may "transfer, rather than dismiss[] [a case], when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Although not frequently invoked *sua sponte*, it is the law of this Circuit that a district court may transfer a matter on its own authority. *See In re Scott*, 709 F.2d 717, 721 (D.C. Cir. 1983); *see also Miller v. Toyota Motor Corp.*, 620 F. Supp. 2d 109, 117 (D.D.C. 2009) (ESH) (transferring matter *sua sponte*).

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In determining whether to transfer a matter, the Court considers a variety of public and private interests. *Santos v. Trustees of Grinnell College*, 999 F. Supp. 2d 219, 223 (D.D.C. 2013) (RC). Although one such factor is the plaintiff's choice of forum, that factor receives little weight where the chosen forum is not the "plaintiff's home forum and most of the relevant events occurred elsewhere." *Demery v. Montgomery Cty.*, 602 F. Supp. 2d 206, 210 (D.D.C. 2009). The Court must also consider "factors of systemic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

Here, Plaintiff's short paragraph of allegations show practically *no* connection to the District of Columbia. Plaintiff, currently a resident of the State of Georgia, alleges he was injured in and by the State of Rhode Island while living and working in the State of Rhode Island. His alleged physical and pecuniary injuries also occurred in the State of Rhode Island. Although the Union is headquartered in the District of Columbia, it is evident from Plaintiff's short set of allegations that the Union's connection to the purported events lies only in its

relationship with its Rhode Island Local.  As such, the only connection to the District of Columbia is Plaintiff's summary invocation of the United States.  Yet it is difficult for the Court to fathom a set of facts—not pleaded—that connects the United States *qua* the Department of Justice in the District of Columbia to a mundane employment dispute arising in the State of Rhode Island.  As such, neither public nor private interests would be served by permitting this matter to proceed in this forum.  The Court shall therefore **TRANSFER** this action to the United States District Court for the District of Rhode Island.

\*     \*     \*

For the foregoing reasons, the Court shall, by separate order, **DISMISS** all claims against Defendants State of Rhode Island, East Providence Firefighters, Local 850 IAFF, AFL-CIO, and City of East Providence, Rhode Island and **TRANSFER** the remainder of this matter to the United States District Court for the District of Rhode Island.

Dated: January 9, 2023

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge